UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLE FARLER,

      Plaintiff,

vs.                                         Case No. 04-74368

HENRY FORD HEALTH SYSTEMS,          HON. AVERN COHN

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

I.

This is an insurance benefits case governed by the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. (ERISA). Plaintiff Carole Farler (Farler) sued Defendant Henry Ford Health System (Henry Ford), claiming that Henry Ford wrongfully terminated her long-term disability (LTD) benefits under Henry Ford's policy. Henry Ford filed a motion for entry of judgment. The Court denied the motion and entered judgment in favor of Farler. See Memorandum and Order filed July 5, 2005. Henry Ford has appealed.

Before the Court is Farler's motion for attorney fees. For the reasons that follow, the motion is DENIED.

II.

Under 29 U.S.C. § 1132(g)(1), the district court has discretion to order reasonable attorney fees to either party in an ERISA action. In deciding whether an award of fees is appropriate, the Court evaluates the following five factors:

     (1) the degree of the opposing party's culpability or bad faith;
     (2) the opposing party's ability to satisfy a fee award;
     (3) the deterrent effect of a fee award on others under similar circumstances;

(4) whether the party requesting the fee sought to confer a common benefit on all ERISA plan participants and beneficiaries or sought to resolve a significant legal question regarding ERISA; and

(5) the relative merits of the parties' positions.

See Krupp v. Metropolitan Life ins. Co., 174 F. Supp. 2d 545, 548 (E.D. Mich. 2001) (citations omitted). "No single factor is determinative. Rather, the Court considers each factor before exercising its discretion." Id. (citation omitted).

Application of the five factors leads to the conclusion that attorney fees are not warranted.  As to the first factor, although the Court concluded that Henry Ford acted arbitrarily in denying Farler's claim, Henry Ford's conduct overall does not rise to the level of bad faith or culpability.  As to the second factor, Henry Ford has the ability to pay reasonable attorney fees.  However, this fact does not justify an award of attorney fees.  See Foltice v. Guardsman Products, Inc., 98 F.3d 933, 937 (6th Cir.1996).  The third factor, the deterrent effect of an award on others in similar circumstances, does not weigh in Farler's favor.  "Honest mistakes are bound to happen from time to time, and fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." Id.  That is not the case here.  The fourth factor also does not weigh in Farler's favor because Farler did not seek to confer a common benefit on a larger group or seek to resolve significant legal questions regarding ERISA.  Finally, the fifth factor does not weigh in Farler's favor.  The ultimate merit of Farler's position did not significantly outweigh that of Henry Ford.

SO ORDERED.

　s/Avern Cohn　　　　　　　　　　　　
Dated:  August 16, 2005　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 16, 2005, by electronic and/or ordinary mail.
　s/Julie Owens　　　　　　　　　　　
Case Manager, (313) 234-5160

2